UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN FREDRICKS, Individually and For All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CONSOL COAL RESOURCES, L.P., JAMES A. BROCK, MARTHA A. WIEGAND, MICHAEL L. GREENWOOD, DEBORAH J. LACKOVIC, KURT R. SALVATORI, DANIEL D. SANDMAN, and JEFFREY L. WALLACE,<br><br>Defendants. | Case No.  2:21-cv-01504-WSS |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
OF JOHN FREDRICKS FOR APPOINTMENT AS LEAD PLAINTIFF,
AND APPROVAL OF HIS SELECTION OF CO-LEAD COUNSEL**

**TABLE OF CONTENTS**

Introduction ............................................................................................................................. 1

Relevant Factual and Procedural Background .................................................................. 1

Argument ................................................................................................................................. 2

    I.    Plaintiff Should Be Appointed Lead Plaintiff ................................................................. 2

        A.    The PSLRA's Provisions Concerning the Appointment of Lead Plaintiff ................. 2

        B.    The Published Notice Satisfies the PSLRA's Requirements and Plaintiff's Motion is Timely and Procedurally Complete ............................................................. 3

        C.    Plaintiff Holds the Largest Known Financial Interest ................................................. 5

        D.    Plaintiff Meets Rule 23's Typicality and Adequacy Requirements ............................. 6

    II.   The Court Should Approve Plaintiff's Selection of M&A and KSF as Co-Lead Counsel ............................................................................................................................. 8

Conclusion ............................................................................................................................. 11

# **TABLE OF AUTHORITIES**

**Cases**                                                               **Page(s)**

*Barnes v. Am. Tobacco Co.*,
    161 F.3d 127 (3d Cir. 1998)..................................................................................................6

*Berger v. Compaq Computer Corp.*,
    257 F.3d 475 (5th Cir. 2001)..................................................................................................7

*Campbell v. Transgenomic, Inc.*,
    No. 4:17CV3021, 2017 U.S. Dist. LEXIS 216162 (D. Neb. Aug. 9, 2017) ......................... 4,5

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001) ................................................................................................. 6

*In re Century Aluminum Co. Sec. Litig.*,
    No. C 09-1205 SI, 2009 U.S. Dist. LEXIS 81205 (N.D. Cal. Sept. 8, 2009) ....................... 7-8

*In re Dynegy, Inc. Secs. Litig.*,
    226 F.R.D. 263 (S.D. Tex. 2004) ..........................................................................................7

*Firefighter's Pension & Relief Fund of New Orleans v. Bulmahn*,
    No. 13-3935, 2013 U.S. Dist. LEXIS 115538 (E.D. La. Aug. 15, 2013) ................................ 4

*Greebel v. FTP Software, Inc.*,
    939 F. Supp. 57 (D. Mass. 1996) .......................................................................................3, 5

*In re Heritage Bond Litig.*,
    MDL CASE NO.: 02-ML-1475 DT,
    2004 U.S. Dist. LEXIS 15386 (C.D. Cal. July 12, 2004) ....................................................... 6

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ...............................................................................................6

*Herrera v. LCS Fin. Servs. Corp.*,
    274 F.R.D. 666 (N.D. Cal. 2011) .......................................................................................... 6

*Krell v. Prudential Ins. Co. of Am.*
    148 F.3d 282 (3d Cir. 1998), *cert. denied*, 525 U.S. 1114 (1999).............................................6

*Livonia Emps. Ret. Sys. v. Talmer Bancorp, Inc.*,
    No. 16-cv-12229, 2016 U.S. Dist. LEXIS 124417 (E.D. Mich. Sept. 14, 2016) ..................... 5

*In re Lucent Techs. Sec. Litig.*,
    194 F.R.D. 137 (D.N.J. 2000) .............................................................................................. 8

*Niederklein v. PCS Edventures!.com, Inc.*,
    No. 1:10-cv-00479-EJL-CWD, 2011 U.S. Dist. LEXIS 18247 (D. Idaho Feb. 24, 2011) ....... 8

*In re Nortel Networks Corp. Sec. Litig.*,
   No. 01 Civ. 1855 (RMB),
   2002 U.S. Dist. LEXIS 1633 (S.D.N.Y. Feb. 1, 2002) ............................................................... 9

*Rattray v. Woodbury County*,
   253 F.R.D. 444 (N.D. Iowa 2008) ............................................................................................ 7

*In re Schering Plough Corp. ERISA Litig.*,
   589 F.3d 585 (3d Cir. 2009) ..................................................................................................... 7

*Siegall v. Tibco Software, Inc.*,
   No. C 05-2146 SBA, 2006 U.S. Dist. LEXIS 26780 (N.D. Cal. Feb. 24, 2006) ...................... 5

*Sklar v. Bank of Am. Corp.*  (*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*),
   258 F.R.D. 260 (S.D.N.Y. 2009) .............................................................................................. 5

*Varjabedian v. Emulex Corp.*,
   888 F.3d 399 (9th Cir. Apr. 20, 2018) ..................................................................................... 9

*Zucker v. Zoran Corp.*,
   No. C 06-04843 WHA, 2006 U.S. Dist. LEXIS 93469 (N.D. Cal. Dec. 11, 2006) ................. 5

**Statutes, Rules & Other Authority**

15 U.S.C. § 78u-4 ........................................................................................................... *passim*

FED. R. CIV. P. 23 ........................................................................................................... *passim*

**INTRODUCTION**

Plaintiff John Fredricks ("Plaintiff") respectfully submits this Memorandum of Law in support of his motion to: (i) appoint him Lead Plaintiff pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); (ii) approve his selection of Monteverde & Associates PC ("M&A") and Kahn Swick & Foti, LLC ("KSF") to serve as Co-Lead Counsel; and (iii) grant such other and further relief as the Court may deem just and proper.

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

This action arises out of the acquisition of CONSOL Coal Resources, L.P. ("CCR" or the "Company") by CONSOL Energy, Inc. ("CEIX") (the "Merger").

Between November 19, 2020 and December 10, 2020, five substantially similar actions challenging the Merger were filed in United States Federal Courts, including one by Plaintiff, and between March 3, 2021 and May 14, 2021, each of these actions were voluntarily dismissed.[1] On October 21, 2021, Plaintiff filed the above-captioned action (hereinafter the "Action"). The Action is governed by the PSLRA; on December 2, 2021, Plaintiff and Defendants filed a joint stipulation relating to the filing of an Amended Class Action Complaint if Plaintiff is appointed Lead Plaintiff pursuant to the PSLRA. *See* 15 U.S.C.§ 78u-4(a)(1).

---

[1] These actions were: *Beyer v. Consol Coal Resources LP, et al*, 1:20-cv-9746 (S.D.N.Y. Nov. 19, 2020) (voluntarily dismissed on March 3, 2021); *Biesiadecki v. Consol Coal Resources LP, et al*, 1:20-cv-1611 (D. Del. Nov. 25, 2020) (voluntarily dismissed on April 14, 2021); *Ostalecki v. Consol Coal Resources LP, et al*, 1:20-cv-10212 (S.D.N.Y. Dec. 4, 2020) (voluntarily dismissed May 14, 2021); *Ciccotelli v. Consol Coal Resources LP, et al*, 1:20-cv-1664 (D. Del. Dec. 7, 2020) (voluntarily dismissed April 14, 2021); *Fredricks v. Consol Coal Resources LP, et al*, 1:20-cv-10449 (S.D.N.Y. Dec. 10, 2020) (voluntarily dismissed March 5, 2021).

On November 4, 2021, Plaintiff published the required PSLRA notice, thereby setting a deadline of January 3, 2022 to seek appointment as lead plaintiff and the appointment of lead counsel in the Action.

Pursuant to that notice, Plaintiff now respectfully requests that the Court appoint him as Lead Plaintiff and his counsel as Co-Lead Counsel pursuant to the PSLRA. Plaintiff should be appointed as Lead Plaintiff because: (1) he has timely filed for appointment as such; (2) he has the largest financial interest in this litigation; and (3) he meets the applicable requirements under Rule 23. *Infra* §§I.A-D.  Finally, Plaintiff has retained experienced and competent counsel to represent the Class. As the "most adequate plaintiff" under the PSLRA, Plaintiff's selection of M&A and KSF as Co-Lead Counsel should therefore be approved. *Infra* §II.

For the foregoing reasons, and as set forth in further detail below, Plaintiff respectfully requests that the Court enter an Order: (1) appointing him as Lead Plaintiff pursuant to the PSLRA; (2) approving his selection of M&A and KSF as Co-Lead Counsel for the Class and (3) granting such other and further relief as the Court may deem just and proper.

## ARGUMENT

### I. PLAINTIFF SHOULD BE APPOINTED LEAD PLAINTIFF

**A. The PSLRA's Provisions Concerning the Appointment of Lead Plaintiff**

The PSLRA governs the appointment of a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(1), 78u-4(a)(3)(B)(i).  It provides that within 20 days of the filing of the action, the plaintiff is required to publish notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court,

within sixty (60) days of the publication, for appointment as lead plaintiff. *See generally Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 58 (D. Mass. 1996).

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court is then to consider any motion made by class members and is to appoint as lead plaintiff the movant that the Court determines to be "most capable of adequately representing the interests of class members." *Id*. at 58-59. Further, the PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the person that:

- (aa) has either filed the complaint or made a motion in response to a notice [published by a complainant];
- (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
- (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Once it is determined who among the movants seeking appointment as lead plaintiff is the presumptive lead plaintiff, the presumption can be rebutted only upon proof by a class member that the presumptive lead plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### B. The Published Notice Satisfies the PSLRA's Requirements and Plaintiff's Motion Is Timely and Procedurally Complete

Pursuant to the PSLRA, the process of appointment of lead plaintiff begins with the notice requirement. 15 U.S.C. §§ 78u-4(a)(1), 78u-4(3)(B)(i). The notice requirement consists of two parts: (1) the first plaintiff to file must publish notice advising members of the putative plaintiff class of the pending action in a widely circulated national business-oriented publication or wire

service; and (2) members of the putative class have sixty days from the date of publication to move the court to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A-B).

On November 4, 2021, Plaintiff caused the PSLRA Notice to be published via PRNewswire.[2] *See* Ex. A to the Declaration of Juan Monteverde ("JEM Dec."). The Notice notified putative Class members of the pendency of the Action, the nature of the claims alleged, and the putative Class definition. *Id.* The Notice also advised any Class member wishing to move for lead plaintiff that they must move the Court no later than 60 days from the publication of the Notice. *Id.* Thus, the Notice satisfied the PSLRA's requirements. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).

In light of the fact that the original Notice was published on November 4, 2021, the deadline for application to be lead plaintiff is therefore January 3, 2022. *See* Ex. A; FED. R. CIV. P. 6. Plaintiff has therefore timely filed his motion prior to the expiration of the lead plaintiff filing deadline. Moreover, Plaintiff has signed and submitted a certification with his Complaint (Rec. Doc. 1). As reflected in that certification, Plaintiff certified that he owned units of CONSOL Coal Resources LP prior to the consummation of the Merger, and Plaintiff has also confirmed his willingness and ability to serve as Lead Plaintiff. (Rec. Doc. 1). Thus, Plaintiff has satisfied the certification requirement set forth in 15 U.S.C. §§ 78u-4(a)(2)(A). The PSLRA's procedural requirements have therefore been satisfied.

---

[2] Publication by a national press release company like PRNewswire is an adequate means for meeting the PSLRA statutory requirement that notice be published in a widely circulated national business-oriented wire service. *See, e.g., Campbell v. Transgenomic, Inc.,* No. 4:17-CV-3021, 2017 U.S. Dist. LEXIS 216162, at *3 (D. Neb. Aug. 9, 2017) (considering publication in PRNewswire to be sufficient); *Firefighter's Pension & Relief Fund of New Orleans v. Bulmahn*, No. 13-3935, 2013 U.S. Dist. LEXIS 11538, at *10 (E.D. La. Aug.15, 2013) (noting publication via Globe Newswire sufficient).

### C. Plaintiff Holds the Largest Known Financial Interest

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the candidate with the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Although the PSLRA is silent as to the methodology courts are to use in determining which movant has the largest financial interest in the relief sought, in the merger and acquisition context, "the candidate with the largest potential recovery would be the candidate who had bought the largest number of . . . shares." *Zucker v. Zoran Corp.*, No. C 06-04843 WHA, 2006 U.S. Dist. LEXIS 93469, at *8 (N.D. Cal. Dec. 11, 2006); *see also Livonia Emples. Ret. Sys. v. Talmer Bancorp, Inc.*, No. 16-cv-12229, 2016 U.S. Dist. LEXIS 124417, at *5 (E.D. Mich. Sept. 14, 2016) ("the plaintiff with the largest number of shares held is considered to have the largest financial interest") (citing *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 268 (S.D.N.Y. 2009)).

Here, Plaintiff owned 11,000 CCR units before the announcement of the Merger, more than any other known movant who has completed a certification. (Rec. Doc. 1). Accordingly, Plaintiff presumptively has the largest financial interest in the relief sought.[3]

---

[3] In the event Plaintiff, alone, moves to serve as lead plaintiff, he will, as a result, presumptively have the largest financial interest and, therefore, should be found the presumptive lead plaintiff. *See Campbell* 2017 U.S. Dist. LEXIS 216162 at *4 ("Campbell owns 800 shares of Transgenomic stock and no other person or group has sought to serve as lead plaintiff. Therefore, the Court finds Campbell has the largest financial interest in the relief sought.") (citing *Greebel* 939 F. Supp. at 57, 64 (concluding that when "no other persons have sought to be appointed lead plaintiff," the movant has the largest financial interest in the relief sought by the class)); *Siegall v. Tibco Software, Inc.*, No. C 05-2146 SBA, 2006 U.S. Dist. LEXIS 26780, at *11 n.1 (N.D. Cal. Feb. 24, 2006) (finding that, when only one person or group has moved to serve as lead plaintiff, that person or group presumptively has the largest financial interest in the relief sought) (citing *Greebel*, 939 F.Supp. at 64).

### D. Plaintiff Meets Rule 23's Typicality and Adequacy Requirements

In addition to possessing the largest financial interest in the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Courts have consistently held that at this stage, the Rule 23 considerations are limited to the questions of typicality and adequacy. *See, e.g., In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) ("The two provisions of that Rule that are relevant to [appointment of a lead plaintiff under the PSLRA] are 23(a)(3) and 23(a)(4). The former requires that a party seeking to represent a class have 'claims or defenses [that] are typical of the claims or defenses of the class.' The latter mandates that a representative party be able to 'fairly and adequately protect the interests of the class.'"). As detailed herein, Plaintiff easily satisfies the typicality and adequacy requirements of Rule 23(a).

Typicality is satisfied when the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all class members. A movant's "claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Herrera v. LCS Fin. Servs. Corp.*, 274 F.R.D. 666, 678 (N.D. Cal. 2011) (*citing Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)); *see also In re Heritage Bond Litig.*, MDL Case No. 02-ML-1475 DT, 2004 U.S. Dist. LEXIS 15386, at *25 (C.D. Cal. July 12, 2004) ("Courts have held that if the claims of the named plaintiffs and putative class members involve the same conduct by the defendant, typicality is established regardless of the factual differences.") (*citing Krell v. Prudential Ins. Co. of Am.* (*In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*), 148 F.3d 282, 302-03 (3d Cir. 1998), *cert. denied*, 525 U.S. 1114 (1999); *Barnes v. Am. Tobacco Co.*, 161 F.3d 127, 141 (3d Cir. 1998)).

With respect to adequacy, Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). Adequate representation will be found if able and experienced counsel represent the movant, the movant has no fundamental conflicts of interest with the class as a whole, and the action is not likely collusive. *See In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 602 (3d Cir. 2009) ("The adequacy inquiry 'has two components designed to ensure that absentees' interests are fully pursued.' First, the adequacy inquiry 'tests the qualifications of the counsel to represent the class.' . . . The second component of the adequacy inquiry seeks 'to uncover conflicts of interest between named parties and the class they seek to represent.'") (internal citations omitted); *In re Dynegy, Inc. Secs. Litig.*, 226 F.R.D. 263, 269 (S.D. Tex. 2004) ("The adequacy requirement [also] mandates an inquiry into [] the zeal and competence of the representative's counsel…") (*citing Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001)); *Rattray v. Woodbury County*, 253 F.R.D. 444, 456 (N.D. Iowa 2008) (noting that litigant's lack of zeal to represent a class undermines their adequacy).

Here, Plaintiff easily satisfies the typicality and adequacy requirements of Rule 23. Defendants are alleged to have solicited the shareholders' vote in support of the Merger with the same materially false and/or misleading proxy statement that caused the same harm to Plaintiff and all those similarly situated. In addition, Plaintiff is not subject to any unique defenses and no evidence exists of any conflict between his interests and those of the other putative class members. Finally, Plaintiff has expressed an ability and willingness to prosecute this action by filing a complaint and/or requisite certification and retaining qualified counsel experienced in litigating actions of this nature.

What is more, based upon representations in Plaintiff's certification, his interests are perfectly aligned with – and by no means antagonistic to – the interests of the Class. *See In re*

7

*Century Aluminum Co. Sec. Litig.*, No. C 09-1001 SI, 2009 U.S. Dist. LEXIS 81205, at *14-16 (N.D. Cal. Sept. 8, 2009) (movant's certification evidenced adequacy to serve as lead plaintiff); *Niederklein v. PCS Edventures!.com, Inc.*, No. 1:10-cv-00479-EJL-CWD, 2011 U.S. Dist. LEXIS 18247, at *33-35 (D. Idaho Feb. 24, 2011) (same). Indeed, Plaintiff has demonstrated his ability and zeal to prosecute the action: he (1) filed suit, (2) engaged in discussions with Defendants counsel and the Court, which ultimately lead to a stipulation concerning the filing of an Amended Class Action Complaint and related dispositive motion briefing schedule, and (3) satisfied the PSLRA's procedural requirements, including by disseminating a PSLRA-compliant notice and/or timely signing and submitting a certification pursuant to 15 U.S.C. § 78u-4(a)(2), which identified all of his relevant CCR trades during the Class Period.

Finally, Plaintiff has also selected and retained highly competent counsel experienced in litigating actions of this nature to litigate the claims on behalf of himself and the Class. As explained below, M&A and KSF are highly regarded for their experience, knowledge, and ability to conduct complex shareholder class action litigation. Thus, Plaintiff has made a *prima facie* showing that he satisfies Rule 23's typicality and adequacy requirements, and he should therefore be appointed Lead Plaintiff.

## II.     THE COURT SHOULD APPROVE PLAINTIFF'S SELECTION OF M&A AND KSF AS CO-LEAD COUNSEL

The PSLRA vests lead plaintiffs with the authority to select and retain lead counsel, subject to court approval. 15 U.S.C. §78u-4(a)(3)(B)(v). Courts have refrained from disturbing lead plaintiffs' choice of counsel unless it is necessary to "protect the interests of the class." *In re Lucent Techs. Sec. Litig.*, 194 F.R.D. 137, 155 (D.N.J. 2000) (*citing* Conference Report on Securities Litigation Reform, H.R. Rep. No. 369, 104th Congress, 1st Sess. 31, *reprinted in* 1995

8

U.S.C.C.A.N. 679, 685); *In re Nortel Networks Corp.*, No. 01-CV-1855 (RMB), 2002 U.S. Dist. LEXIS 1633, at *2 (S.D.N.Y. Feb. 4, 2002) (same).

Here, Plaintiff has selected M&A and KSF to be Co-Lead Counsel for the Class. As reflected in its firm resume, M&A possesses extensive experience litigating complex class actions on behalf of plaintiffs, including securities and merger and acquisition class actions. *See* Ex. B to JEM Dec. (M&A Firm Resume). M&A is recognized as a preeminent securities firm listed in the Top 50 in the 2018, 2019 and 2020 ISS Securities Class Action Services Report. Just this year, M&A obtained a $17.4 million settlement in *In re Envision Healthcare Corp*. and $2.6 million for Jaguar Animal shareholders. Moreover, in the last month, Monteverde secured $2.4 million cash settlements for Papa Murphy's shareholders and $10 million for Education Realty shareholders. M&A also recovered common funds arising from merger litigation involving fiduciary duty violations for the shareholders in US Geothermal ($6.5 million together with KSF), Hansen Medical ($7.5 million) and ClubCorp ($5 million). Further, in 2018, M&A, along with KSF, obtained court approval of a $17.5 million settlement in connection with the sale of American Capital Ltd. in Maryland State Court. M&A also changed the law in the Ninth Circuit and lowered the standard of liability under Section 14(e) of the Exchange Act to better protect shareholders. *Varjabedian v. Emulex Corp*., 888 F.3d 399 (9th Cir. 2018).

Notably, Mr. Monteverde, who leads the legal team at M&A, has been recognized by Super Lawyers as a Rising Star in Securities Litigation in 2013 and 2017-2019, an award given to less than 2.5% of attorneys in a particular field. Mr. Monteverde has also been selected by Martindale-Hubbell as a 2017-2021 Top Rated Lawyer.

As its firm resume likewise demonstrates, KSF is more than qualified to work as Co-Lead Counsel to prosecute the claims of the Class. With lawyers in Louisiana, New York, New Jersey,

9

and California dedicated to the practice of class action and individual investor securities and corporate governance litigation, KSF is one of the nation's premier boutique securities litigation law firms. KSF has represented stockholders as lead or co-lead counsel in numerous class and derivative litigations, many of which have resulted in substantial recoveries on behalf of stockholders, amounting to hundreds of millions of dollars. *See* Ex. C to JEM Dec. (KSF Firm Resume).

Notably, KSF has served as lead, co-lead, or executive committee counsel in numerous other successfully resolved merger and acquisition cases.[4] In February 2018 – along with its proposed Co-Lead Counsel in this case – M&A, KSF obtained a $17.5 million settlement from the board members and officers of American Capital Ltd. ("American Capital") and Elliott Management Corporation (an activist minority shareholder in American Capital) ("Elliott") in connection with the June 2016 sale of American Capital to Ares Capital Corporation, in so doing defeating a motion to dismiss against Elliott and obtaining an unprecedented ruling that Elliott may be considered a controller and subject to entire fairness review at trial. *In re Am. Capital Shareholder Litig.*, Case No. 422598-V (Montgomery Cir. Ct., MD). More recently, in March

---

[4] *See, e.g., In re Adams Golf Shareholder Litig.,* No. 7354-VCL (Del. Ch. 2012); *In re Medtox Scientific, Inc. Shareholders Litig.,* Court File No. 62-CY-125118 (Minn. 2012); *In re EnergySolutions, Inc. Shareholder Litig.,* Consol. C.A. 8203-YCG (Del. Ch. 2013) (co-lead counsel, class action involving claims for breach of fiduciary duties to shareholders relating to a proposed merger of nuclear energy related companies worth $1.1 billion ($375 million in proposed shareholder consideration), where there was a $0.40 price increase, which increased the consideration to shareholders by more than 10%, or approximately $38 million, and over 20 pages of additional disclosures to proxy statement relating to process and pricing claims); and *Hill v. Cohen, et al. (Summit Fin'l Servs. Grp., Inc.)*, 2013 CA 017640 (15th Jud. Cir. Ct., Fla.) (co-lead counsel, class action for breach of fiduciary duties to shareholders relating to a proposed merger of a financial services company, where contingent and delayed aspects of the proposed merger consideration, worth several million dollars, were accelerated and paid to shareholders ahead of schedule and settlement involved several pages of additional disclosures were made to the proxy statement).

2020, after litigating the matter to the eve of trial, KSF and M&A obtained a $6.5 million settlement recovery for former U.S. Geothermal Inc. ("U.S. Geo") shareholders in connection with U.S. Geo's merger with Ormat Technologies, Inc; this recovery represented a 7.7% premium to the adjusted enterprise value of U.S. Geo in the buyout.

KSF also served as special counsel to the lead plaintiff in *The Erica P. John Fund, Inc. v. Halliburton Company, et al.*, No. 3:02-cv-1152-M (N.D. Tex.), which settled for $100 million. Prior to settlement, the *Halliburton* case itself had twice been to the Unites States Supreme Court. In the first instance, plaintiffs won 9-0. In the second instance, the Halliburton defendants challenged the "fraud on the market theory," the fundamental theory on which all class action securities litigation rests. Despite the Halliburton defendants' protestations, the Supreme Court sided with the plaintiffs and upheld that theory. As the aforementioned cases demonstrate, KSF has the requisite experience and knowledge in litigating complex shareholder cases.

By virtue of their extensive experience litigating breach of fiduciary duty and securities class action cases in the context of corporate transactions like the Merger, the attorneys at M&A and KSF possess thorough knowledge of the applicable substantive law at issue as well as the procedural requirements of this Court, and accordingly, M&A and KSF are well qualified to represent the Class, and Plaintiff therefore requests that the Court approve his selection of M&A and KSF as Co-Lead Counsel.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court: (1) appoint him Lead Plaintiff pursuant to the PSLRA; (2) approve his selection of M&A and KSF as Co-Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: January 3, 2022 | Respectfully Submitted, |

                                            **LAW OFFICE OF**
                                            **ALFRED G. YATES, JR., P.C.**

*/s/ Alfred G. Yates, Jr.*
Alfred G. Yates, Jr. (PA17419)
Gerald L. Rutledge (PA 62027)
1575 McFarland Road, Suite 305
Pittsburgh, PA 15216
Tel:(412) 391-5164
Fax:(412) 471-1003
Email: yateslaw@aol.com

**OF COUNSEL:**

**MONTEVERDE AND ASSOCIATES PC**
Juan E. Monteverde
The Empire State Building
350 Fifth Avenue, Suite 4405
New York, NY 10118
Tel: (212) 971-1341
Fax: (212) 202-7880
Email: jmonteverde@monteverdelaw.com

**KAHN SWICK & FOTI, LLC**
Michael Palestina
1100 Poydras Street, Suite 3200
New Orleans, LA 70163
Tel: (504) 455-1400
Fax: (504) 455-1498
Email: michael.palestina@ksfcounsel.com

*Attorneys for Plaintiff*