UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN FREDRICKS, Individually and For All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CONSOL COAL RESOURCES, L.P., JAMES A. BROCK, MARTHA A. WIEGAND, MICHAEL L. GREENWOOD, DEBORAH J. LACKOVIC, KURT R. SALVATORI, DANIEL D. SANDMAN, and JEFFREY L. WALLACE,<br><br>Defendants. | Case No. 2:21-cv-01504-WSS<br><br>Hon. William S. Stickman IV |

### ORDER GRANTING MOTION BY JOHN FREDRICKS FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF CO-LEAD COUNSEL

Having considered the papers filed in support of the Motion of Plaintiff John Fredricks ("Plaintiff") for appointment as lead plaintiff and approval of his selection of Monteverde and Associates PC ("M&A") and Kahn Swick & Foti, LLP ("KSF") as co-lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), and for good cause shown, the Court hereby ORDERS as follows:

**I.   APPOINTMENT OF LEAD PLAINTIFFS AND CO-LEAD COUNSEL**

1. Plaintiff has moved this Court to be appointed as Lead Plaintiff in the above-captioned action (the "Action") and to approve his selection of counsel as Co-Lead Counsel.

2. Having considered the provisions of 15 U.S.C. § 78u-4(a)(3)(B), the Court hereby concludes that Plaintiff is the most adequate plaintiff and satisfys the requirements of the PSLRA.

1

Thus, the Court hereby appoints Plaintiff as Lead Plaintiff to represent the interests of the putative class.

3. Pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(v), Plaintiff has selected and retained M&A and KSF to serve as Co-Lead Counsel. The Court hereby approves Plaintiff's selection of Co-Lead Counsel.

4. Co-Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel designated by Co-Lead Counsel:

   a. to coordinate the briefing and argument of any and all motions;

   b. to coordinate the conduct of any and all discovery proceedings;

   c. to coordinate the examination of any and all witnesses in deposition;

   d. to coordinate the selection of counsel to act as spokesperson at all pretrial conferences;

   e. to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

   f. to coordinate all settlement negotiations with counsel for defendants;

   g. to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required;

   h. to coordinate the preparation and filing of all pleadings; and

   i. to supervise all other matters concerning the prosecution or resolution of the Class Action.

5. No motion, discovery request, or other pretrial proceeding shall be initiated or filed by any plaintiff without the approval of Co-Lead Counsel, so as to prevent duplicative pleadings or

discovery. No settlement negotiations shall be conducted without the approval of Co-Lead Counsel.

6. Service upon any plaintiff of all pleadings in the Action, except those specifically addressed to a plaintiff other than Lead Plaintiff, shall be completed upon service of Co-Lead Counsel.

7. Co-Lead Counsel shall be the contact between plaintiffs' counsel and defendants' counsel, shall serve as the spokesperson for plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel. Co-Lead Counsel shall act as the liaison between the Court and plaintiffs and their counsel.

## II. NEWLY FILED OR TRANSFERRED ACTIONS

8. When a case that arises out of the subject matter of this Action is hereinafter filed in this Court or transferred from another Court, the Clerk of this Court shall:

   a. file a copy of this Order in the separate file for such action;

   b. mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and

   c. make the appropriate entry on the docket for this action.

9. Each new case that arises out of the subject matter of the Action that is filed in this Court or transferred to this Court shall be consolidated with the Action and this Order shall apply thereto, unless a party objects to this Order or any provision of this Order shall, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, file an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

10. During the pendency of this litigation, or until order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody, or control, including computer-generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or which may lead to the discovery of information relevant to the subject matter of the pending litigation.

**IT IS SO ORDERED.**

DATED: 1-11-22

UNITED STATES DISTRICT JUDGE
WILLIAM S. STICKMAN IV